NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



NOV 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL FIMBRES,

               Petitioner-Appellant,

   v.

O'BRIAN BAILEY, Acting Warden,

               Respondent-Appellee.

No. 21-55885

D.C. No. 2:19-cv-10113-DOC-KS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 17, 2024
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

A California jury convicted Michael Fimbres of first-degree murder in connection with the shooting death of Frank Taylor, and Fimbres was sentenced to "25 years to life for the murder conviction, plus 25 years to life for [a statutory] firearm enhancement." On direct appeal, the California Court of Appeal rejected Fimbres's claim that his trial counsel had been ineffective in conducting her cross-examination of the State's gang expert, and the court affirmed his conviction. The California Supreme Court summarily denied Fimbres's petition for review.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Fimbres subsequently raised that same ineffective assistance claim in a federal petition for a writ of habeas corpus, and the district court denied the petition. Fimbres timely appealed, and a panel of this court granted a certificate of appealability as to Fimbres's ineffective assistance claim. We have jurisdiction under 28 U.S.C. § 1291 and § 2253. Reviewing the district court's decision de novo, *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004), we affirm.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may not grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings"—such as Fimbres's ineffective assistance claim—"unless the adjudication of the claim[] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under this deferential standard, the writ may be granted only if the state court's rejection of the claim on the merits "was so lacking in justification" that no "fairminded" jurist could agree with it, *Harrington v. Richter*, 562 U.S. 86, 103 (2011), or if it rested on factual findings that "plainly misapprehend[ed] or misstat[ed] the record; fail[ed] to consider key aspects of the record; [or] ignor[ed] 'highly probative' evidence supporting the petitioner's claim," *McGill v. Shinn*, 16

2

F.4th 666, 685 (9th Cir. 2021) (citations omitted).  In applying these standards, we review "the last reasoned state court decision on the merits" of a petitioner's habeas claim.  *Reis-Campos v. Biter*, 832 F.3d 968, 973 (9th Cir. 2016).  Here, that is the California Court of Appeal's decision.

A claim of ineffective assistance requires a showing that counsel's performance was deficient and that the deficient performance prejudiced the defendant.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The California Court of Appeal concluded that Fimbres failed to establish either prong of the *Strickland* test.  Addressing only the prejudice prong, we conclude that habeas relief is unwarranted here under AEDPA's deferential standard.

Fimbres contends that his counsel's cross-examination was ineffective because, in his view, it reinforced the State's theory that he shot Taylor to ensure that he and his gang were not disrespected, rather than out of self-defense.  At the time of Taylor's death, both he and Fimbres were members of different, non-rival gangs.  The State's theory at trial was that Fimbres shot Taylor due in part to Taylor's perceived disrespect of Fimbres's gang, and the State presented a gang expert to testify in support of this theory.  Fimbres's defense was that the State had failed to prove beyond a reasonable doubt that he did not shoot Taylor out of self-defense.  During her cross-examination of the State's gang expert, Fimbres's counsel elicited testimony that higher-ups in the gang hierarchy might "green

3

light" a "hit" on a gang member who failed to uphold the "gang code" requiring members to ensure respect for the gang.  In her closing argument, Fimbres's counsel referenced that line of questioning to explain why, at the time of his arrest, Fimbres was attempting to flee to Mexico.  Counsel argued that Fimbres's flight was consistent with his innocence because an informant had told Fimbres that the "Mexican Mafia [was] looking for [him]" and had a "green light" on him.  The prosecutor objected, and the trial court sustained the objection, instructing the jury to "disregard the statement of the Mexican Mafia and possible interest they might have in this man."

We conclude that the California Court of Appeal reasonably held that, even if counsel's performance was deficient, Fimbres did not establish prejudice.[1] *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").  A fair-minded jurist could conclude that, in the context of the trial as a whole, Fimbres's cross-examination of the gang expert did not have an adverse effect that "undermine[s] confidence in the outcome." *Id*.  The defense's arguments concerning self-defense largely rested on

---

[1] We therefore need not decide whether counsel's performance was deficient, nor need we consider Fimbres's contention that the California Court of Appeal's discussion of alternative strategic rationales of counsel rested on an unreasonable determination of the facts.

the evidence about the objective circumstances of the shooting, as reflected in the relevant witness testimony concerning the actual incident. There was also testimony from the informant, who was extensively cross-examined, concerning inculpatory admissions made by Fimbres. Moreover, the gang expert had already testified on direct examination that ensuring the gang's respect is important to a gang. Against this backdrop, a reasonable jurist could conclude that the contribution made, at the margin, by the challenged "brief" portion of counsel's cross-examination of the gang expert did not meaningfully alter the overall weight of the evidence in a way that undermines confidence in the outcome.

For these reasons, we conclude that the district court did not err in denying Fimbres's habeas petition.

**AFFIRMED.**